**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Ronnie LaJuan Russell-Bey, Civil No. 01-1083 (PAM/AJB)

Petitioner,

v. **REPORT AND RECOMMENDATION**

Department of Corrections Commissioner
Sheryl Ramstad Hvass,

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's motion pursuant to 28 U.S.C. § 2254 for habeas corpus relief by a person in state custody. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is confined at the Minnesota Correctional Facility at Faribault pursuant to conviction and sentencing in Hennepin County District Court. He was convicted by a jury on four counts of assault in the second degree, each relating to a separate victim. The trial court adjudicated the defendant guilty on each of the four counts, sentenced him to an executed term of 36 months on each of the four charges, and ordered that the sentences be served consecutively. The consecutive sentencing in this instance was permissible under the Minnesota Sentencing Guidelines and is not construed as an upward departure.

The prisoner now asserts that the trial court erred in instructing the jury on the law of transferred intent; that the consecutive sentencing results in a term of imprisonment that unfairly exaggerates the criminality the offense; and that he was denied effective assistance of appellate counsel as a consequence of counsel's failure to raise prosecutorial misconduct on

FILED FEB 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

direct appeal. Petitioner alternatively contends that the matter should be remanded for new trial as a result of the improper instruction to the jury; that the four separate 36–month sentences should be merged by the Court into a single, concurrent 36-month sentence; and that he is entitled to an evidentiary hearing on the ineffective counsel claim. Respondent opposes petitioner's Section 2254 motion, asserting that petitioner has not shown that he is entitled to relief and is not entitled to an evidentiary hearing. For the reasons stated below, it is recommended that the petition [Docket No. 1] be dismissed with prejudice.

**Background**

Petitioner in this matter is a state prisoner currently incarcerated at the Minnesota Correctional Facility, Faribault, Minnesota. A Hennepin County jury found the him guilty of four counts of second degree assault by verdicts returned on August 11, 1998. The defendant was sentenced on August 28, 1998, on all four counts, each relating to a separate victim of an incident which took place on May 16, 1997, involving the discharge of a firearm into a motor vehicle containing four occupants, including petitioner's former girlfriend, his 17–month old twin daughters, and a four-year-old boy. The ex-girlfriend, Betina Alicia McRae, was driving to the home of a close friend who was the mother of the four-year-old sitting in the front seat on the passenger side of the car. The twin girls, Felicia and Jacqueline, were in car seats in the back seat of the vehicle. The four were proceeding north on Park Ave. in Minneapolis when they came to a stop light at the intersection of Park Ave. and Lake Street. As she waited for the light to turn green, Ms. McRae observed the petitioner walking across the intersection towards the driver's side of the vehicle. She rolled up the car window and observed petitioner reach into a pocket and pull out a gun. Ms. McRae heard a gun shot when petitioner was a little more than an

arm's length away from the car and as she was beginning to proceed through the intersection. Ms. McRae continued to drive away and immediately reported the matter to police. Examination of the vehicle revealed a bullet hole in the driver's side door, but none of the vehicle occupants was physically injured. As a result of this incident petitioner was charged, tried, and convicted on four counts of second degree assault in violation of Minn. Stat. § 609.222, subd. 1.

**Claims.** At trial in this matter the defendant essentially relied upon an alibi defense. Although witnesses were sequestered during the trial, the prosecution raised a concern to the court regarding the possibility that defendant's father, a non-witness observer, was transmitting information regarding prior testimony to sequestered witnesses, including his wife and son, the defendant's mother and brother.[1] Defense counsel raised a similar concern about out-of-court discussions among police officers. Thereafter, in the absence of the jury, the court generally advised petitioner's father, as well as police officers, regarding the need to respect the sequestration order,[2] but no further inquiry was made and no disciplinary action was taken. Nonetheless, in later cross-examination of the defendant's mother, the prosecutor asked whether the witness had been talking with her husband about events in the courtroom.[3] The prosecutor likewise asked defendant's brother whether he had talked to his father about the trial.[4] Both witnesses denied that such conversations had occurred. Defense counsel did not object to this particular questioning, and indeed, sought to reinforce the mother's denial of out-of-court

---

[1] Trial Transcript, page 125.

[2] Id., pp. 128-31.

[3] Id., page 365.

[4] Id., page 374.

discussions on re-direct examination by defense counsel.[5] In closing comments the prosecutor made backhanded reference to the defendant's mother's testimony and brother's testimony, and their denial of out-of-court discussions, in arguing that the jury should discredit such testimony in support of the petitioner's alibi defense.[6] No claim or issue relating to the prosecutor's witness examination or final argument was raised by defendant on appeal. By petition for post-conviction relief in state court the defendant alleged that the prosecutor's insinuations in examination and argument were improper and that appellate counsel's failure to raise this issue denied him the assistance of effective appellate counsel.

The day after presentation of final instructions to the jury, and while the jury was continuing its deliberations, the prosecutor requested that an additional instruction on transferred intent be given. The trial court had previously provided a statutory definition of intent in response to a jury question[7] but now declined to give the additional instruction, noting the absence of any pending jury question before the court.[8] However, the jury thereafter returned with additional questions regarding the legal definition of "attempt" and the role of intent with respect to attempt.[9] The trial court now concluded that the requested instruction on transferred

---

[5] Trial Transcript, page 366.

[6] Id., pp. 484, 485.

[7] Id., page 523. The question was: Re: definition of assault. ". . . or intentionally inflicts or attempts to inflict . . ." Does this mean intentionally attempts to inflict bodily harm upon a given person? Looking for clarification of "intent and intentionally." State v. Russell, Appellant's Brief to the Minnesota Court of Appeals, Appendix A.

[8] Id., page 527.

[9] Id., page 529. Two questions were submitted. The first question was: We are getting hung-up on the "or's" in the definitions. Can assault be the act to cause fear or harm and no fear

intent was appropriate and the instruction was read to the jury over the objection of defense counsel.[10] On appeal to the Minnesota Court of Appeals petitioner alleged that the trial court erred in giving the additional instruction on transferred intent. The appeals court found that the instruction was not necessary but did not harm the defendant and was not a abuse of the trial court's discretion. The improper jury instruction claim is again alleged in this federal action.

The jury returned verdicts convicting the petitioner on each of the four counts of assault in the second degree.[11] At sentencing the court imposed an executed sentence of thirty-six months on each of the four counts, pursuant to Minnesota Sentencing Guidelines. The court further found that consecutive sentencing was permissible, and was not an upward departure under the guidelines, where each count relates to a separate victim. Finally, the trial court found that the total sentence of 144 months did not exaggerate the criminality of the offense.[12] The defendant's sentence requires that 96 months be spent in custody, with credit for 100 days

---

or harm resulted, if a reasonable person would conclude the act could have easily caused harm or fear? The second question was: Is there a legal definition of "attempt"? State v. Russell, Appellant's Brief to the Minnesota Court of Appeals, Appendix B, Exh. B-2.

[10] Trial Transcript, page 540-41. The additional instructions were: The statutes of Minnesota provide that whoever does an act with intent to cause fear in another person of immediate bodily harm or death, or intentionally inflicts, or attempts to inflict bodily harm upon another, is guilty of assault. It need not be proven that another actually experienced fear or bodily harm. When a person intends to assault another, but instead, or in addition, assaults a third person, then the law will consider that the fear caused or harm inflicted was intended to be caused or inflicted upon the third person. The statutes of Minnesota provide that a person is guilty of attempt to commit a crime when with intent to commit the crime the person does an act which is a substantial step towards, and more that mere preparation for, the commission of the crime.

[11] Id., pp. 542-43.

[12] Felony Sentence transcript, pp. 26-27.

already served, and that the 48-month balance be served on supervised release.[13] Petitioner appealed the sentencing in state court, asserting that the term exaggerates the criminality of the offense. The sentence was affirmed on appeal and is now before the federal court on the same grounds.

**Procedural Status.** The jury verdicts in this matter were returned on August 12, 1998, and the petitioner was sentenced on August 28, 1998. Petitioner appealed his convictions and sentence to the Minnesota Court of Appeals. On appeal petitioner claimed that the trial court had abused her discretion in giving the transferred intent instruction and alleged that his sentence unfairly exaggerates the criminality of the conduct. In an unpublished opinion dated August 10, 1999,[14] the appeals court affirmed the convictions and sentences. The Minnesota Supreme Court denied a petition to review on September 28, 1999. Petitioner filed a Petition for Post Conviction Relief on July 24, 2000, asserting prosecutorial misconduct and ineffective assistance of appellate counsel. The request for evidentiary hearing and post-conviction relief was denied by Order of the trial court dated September 11, 2000, therein stating that the defendant had produced no new evidence concerning prosecutorial misconduct that was not known to him at the time of his appeal or that would exonerated him or otherwise have led to a different outcome at trial. The decision on post-conviction petition was affirmed by the Minnesota Court of Appeals in an unpublished opinion dated April 17, 2001.[15] The Minnesota Supreme Court denied the

---

[13] Id., page 27.

[14] State v. Russell, 1999 WL 595351 (Minn. App. 1999).

[15] State v. Russell, 2001 WL 379048 (Minn. App. 2001).

defendant's petition for further review on May 29, 2001. The present petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 was filed in United States District Court on June 15, 2001.

**Transferred Intent Instruction**

Petitioner alleges that the trial court erred in giving the jury a belated instruction on the doctrine of transferred intent. As described above this instruction was given after deliberations had begun and was provided in response to questions posed by the jury. Examination of the petitioner's Section 2254 pleadings, particularly his narrative grounds for relief as stated in the application for a writ, fails to reveal either any specific federal claim or any allegations with respect to this jury instruction which might be construed as a claim entitling the prisoner to habeas corpus relief under federal law. A state prisoner's petition for writ of habeas corpus may be entertained by a federal court "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). Furthermore, even a federal claim may not go forward under Section 2254 if the claim has not been presented to the state courts. Indeed, even if an applicable state law bears some relationship to federal law, the petitioner in a habeas action must explicitly cite to the United States Constitution or federal case law to preserve federal review. Morris v. Norris, 83 F.3d 268, 270 (8th cir. 1996). The petitioner's pro se written argument in regard to the transferred intent instruction cites no specific case law or code provisions whatsoever and discusses only abstract Minnesota law with respect to either the substance of the law on transferred intent or the trial court's decision to give the additional instruction in response to a jury question during deliberation. Review of the petitioner's brief in his state court appeal reveals that he relied entirely upon state law in constructing arguments in

state court proceedings and no references are made to violation of the United States Constitution or federal law. Likewise, the appellate court made no reference to federal law and cited no federal authority in its discussion of this claim. See Morris v. Norris, 83 F.3d at 270. Petitioner's claim that the trial court erred in giving a jury instruction on transferred intent fails to allege violation of federal law and may not be considered on federal habeas review under 28 U.S.C. §2254. In addition, petitioner asserts, and the Court finds, no excuse for the failure to present possible federal claims in state court proceedings, and therefore, to the extent that any federal claims may emerge, those claims are procedurally defaulted.[16] Petitioner's request that new trial be ordered based upon a claim that the trial court's instruction to the jury on transferred intent was improper should be denied.

**Sentencing**

Petitioner in this matter was sentenced to four consecutive 36-month terms. This issue was appealed to the Minnesota Court of Appeals solely on the claim that the sentence "unfairly exaggerates the criminality of [his] conduct." State v. Hough, 585 N.W.2d 393, 397 (Minn. 1998). There was no claim on appeal to the effect that the length of each of the four sentence terms was improper or that consecutive sentencing was not permissible under Minnesota Statutes or the state sentencing guidelines. Petitioner's federal habeas claim mimics

---

[16] When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow hearing on the merits in a state court proceeding. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). If the state's procedural rules would preclude hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or miscarriage of justice, can be demonstrated. As discussed in the text of this report, petitioner has made no federal claim in this regard in this action. The Court therefore does not reach the issue of cause and prejudice relating to the failure to obtain state court review.

the state appellate claim to a substantial degree, except petitioner denies this Court the benefit of citations to state law that were included in his appellate brief. Most importantly, however, petitioner fails to assert any claim, either directly, by inference, or by citation to federal case law, that his sentence is in violation of the Constitution or laws or treaties of the United States, 28 U.S.C. § 2254(a). Petitioner's sentencing claim is not subject to federal habeas review for essentially all the same reasons that his jury instruction claim fails as discussed above. The claim is based exclusively on state law and was presented as a state law issue on direct appeal. Petitioner's appellate brief was limited to claims under state law and the appellate court addressed the claims in light of state law only. The prisoner now repeats the same claims on request for federal habeas relief and thereby fails to present the Court with any federal issues to consider. Furthermore, though petitioner has exhausted the state claims relating to sentencing that are alleged in this action, he has clearly failed to exhaust any federal claims that might arguably have been asserted and, again, such claims are now procedurally defaulted. The prisoners request that his consecutive sentences be merged into a single 36-month sentence or otherwise be reduced should be denied.

**Ineffective Assistance of Appellate Counsel**

Petitioner contends that he did not receive effective assistance of counsel, alleging that the failure of his appellate attorney to raise the issue of prosecutorial misconduct denied him the effective assistance of counsel on appeal. The alleged prosecutorial misconduct relates to the prosecutor's inferences in witness examinations, and in final argument, to the effect that defendant's father, a trial observer, had discussed trial testimony with sequestered witnesses. No objections were voiced at trial, and petitioner now contends that objection is not necessary where

the prosecutor's conduct was plain error. The prisoner alleged claims of prosecutorial misconduct and ineffective assistance of appellate counsel on petition for post-conviction relief to the trial court and he further asserted that his claims were based upon a general right to due process of law. Petitioner's request for evidentiary hearing was denied by the trial court[17] as a result of the determination that the prosecutorial misconduct claim was not based upon evidence that would exonerate him or would have led to a different outcome at trial. In addition, the facts underlying the allegations were known and the claim could have been raised on direct appeal, but was not. The trial court further found no merit to petitioner's claim of ineffective assistance of appellate counsel. The prisoner appealed the decision to the Minnesota Court of Appeals, now alleging denial of effective assistance of appellate counsel and improper denial of evidentiary hearing. Petitioner cited federal case law as support for his ineffective assistance claim. The appellate court affirmed the lower court decision, finding that there was no improper prosecutorial conduct of a nature or magnitude that would warrant new trial; that the appellate counsel's decision to not raise an issue of prosecutorial misconduct did not fall below an objective standard of reasonableness; and that denial of an evidentiary hearing was not abuse of discretion by the lower court. Petitioner's claim of ineffective assistance of appellate counsel presents issues of federal law that have been exhausted in state proceedings and are now properly before this Court for purpose of habeas review under 28 U.S.C. § 2254.

To establish a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance fell below professional standards and that his defense was prejudiced

---

[17] Order dated September 11, 2000, by Hon. Isabel Gomez, Hennepin County District Court Judge.

by such ineffective performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In evaluating counsel's performance, the court must be "highly deferential," indulging in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., 104 S.Ct. at 2065. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Sixth Amendment. Id. at 2067. "A criminal defendant alleging prejudice must show 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993)(quoting Strickland, 104 U.S. at 2064. The Sixth Amendment right to effective assistance of counsel extends to post-trial and appellate representation, and to establish a claim of ineffective assistance of his appellate attorney, petitioner must likewise show that counsel acted in a professionally unreasonable manner under the circumstances, and that those actions prejudiced the post-trial representation. Reagan v. Norris, __ F.3d __, 2002 WL 171428, pp. 5-6 (8th Cir. 2002)(citing Strickland, 104 S.Ct. 2052).

Petitioner abandoned his direct claim of prosecutorial misconduct in his appeal of the lower court Order denying post-conviction relief, and he does not make a direct claim of prosecutorial misconduct in this habeas action.[18] Furthermore, he has never formally alleged ineffective assistance of trial counsel. Nonetheless, the ineffective assistance of counsel claim is premised entirely upon the merits of the prosecutorial misconduct allegation and the demand for evidentiary hearing is based upon petitioner's insistence that his counsel at both the trial level and the appellate level must answer for their actions on the record. Petitioner's contentions are

---

[18] This failure to advance the prosecutorial misconduct claims does not appear to be an oversight, but rather, represents petitioner's obvious recognition that the claim is barred as a result of his failure to submit the issue on direct appeal.

totally without merit. As an initial matter, petitioner offers no legal support for the position that the prosecutor's questions to witnesses, and her isolated comments in final argument, were examples of prosecutorial misconduct. The Minnesota Court of Appeals noted that the prosecutor's question to defendant's mother regarding whether her husband talked to her about the trial and a second question to the defendant's brother regarding whether he had talked to his dad about the trial, were not unfair questions on the record of this case. This Court likewise finds no misconduct in regards to this questioning. With respect to the closing statement, petitioner is critical of the prosecutor's comments that:

> "He also never gave a statement to the police. He thought his information wasn't very important. And he never talked with his dad about his testimony."[19]

and

> "Her husband attends court every day, goes in and out of the courtroom. She was waiting outside. They go home together every night. But she says they never talk about the trial."[20]

On this matter the state appellate court noted its displeasure with the prosecutor's sarcasm, and generally described the statement as a weak and sarcastic attempt to attack the credibility of witness testimony in the absence of effective impeaching evidence. However, considering the alleged misconduct in light of all the other evidence, there was insufficient evidence to warrant new trial.

The petition in this habeas case nowhere alleges specifically that petitioner was denied a fair trial or particular rights with respect to trial as mandated under any identified

---

[19] Trial Transcript, page 485.

[20] Id., page 484.

provision of the United States Constitution. With respect to prosecutorial misconduct, petitioner simply makes no direct reference to federal constitutional provisions or federal case law. Each of the instances of alleged error discussed herein entails matters of state law on admissibility of evidence which "are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." Logan v. Lockhart, 994 F.2d 1324, 1330 (8th Cir. 1993)(citations omitted). To the extent that denial of due process is implicated, the claim must be established in the same manner in each circumstance, and that is by showing that the asserted error was "so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [the defendant] of fundamental fairness." Logan v. Lockhart, 994 F.2d at 1330, quoting Manning-El v. Wyrich, 738 F.2d 321, 322 (8th Cir. 1984). Even accepting the claim that evidentiary errors occurred at trial, not every trial error amounts to constitutional deprivation. Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). A federal court will narrowly review a petitioner's request for Section 2254 habeas corpus relief based upon due process violations, and petitioner must show a reasonable probability that the alleged error affected the outcome of the trial, considering matters such as the weight of evidence supporting guilt and the pervasiveness of alleged errors and misconduct in the context of the entire trial. Id. at 679.

Petitioner offers no persuasive reasoning whatsoever to support a determination that evidentiary errors arising out of alleged prosecutorial misconduct at trial, either separately or in combination were "so conspicuously prejudicial or of such magnitude that [they] fatally infected the trial and deprived [the defendant] of fundamental fairness." Manning-El v. Wyrich, 738 F.2d at 322. Furthermore, as the Minnesota Court of Appeals determined, the prosecutor's

sarcasm in closing argument did not result in sufficient prejudice to warrant new trial based upon prosecutorial misconduct. Petitioner was not denied his right to a fair trial as a result of the prosecutor's cross-examination of witnesses or final argument.

Petitioner's fundamental failure to put forth evidence or persuasive argument on the issue of prosecutorial misconduct is fatal to his claim for Section 2254 habeas corpus relief based upon ineffective assistance of appellate counsel. The claim of prosecutorial misconduct is utterly without merit and appellate counsel apparently recognized its futility in light of the conduct at issue and the level of prejudice that must be shown. Indeed, appellate counsel did not merely seek to strategically focus attention upon more tenable appeal issues, but counsel prudently refrained from asserting claims that could not be sustained on appeal.[21] In order to establish a claim of ineffective assistance of appellate counsel the petitioner must show that his attorney acted in a professionally unreasonable manner under the circumstances, and that those actions prejudiced the post-trial representation. Reagan v. Norris, __ F.3d __, 2002 WL 171428, pp. 5-6. Petitioner has made no showing that his appellate counsel proceeded in a professionally unreasonable manner or that counsel's actions prejudiced the appeals in any manner. Petitioner was not denied effective assistance of appellate counsel in this matter and his request for habeas corpus relief on that basis should be denied.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petition for writ of habeas corpus [Docket No. 1] be

---

[21] In his appeal of the Order denying post-conviction relief, the petitioner advised the appeals court that the 'gravity' of the issue of ineffective assistance appellate counsel was first brought to his attention by a fellow inmate.

**dismissed with prejudice.**

Dated: February 14, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before February 28, 2002. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.