UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronnie LaJuan Russell-Bey,

Petitioner,

v.

Department of Corrections Commissioner,
Sheryl Ramstad Hvass,

Respondent.

Civ. File No. 01-1083 (PAM/AJB)

**MEMORANDUM AND ORDER**

---

Petitioner, Russell-Bey, a prisoner in state custody, was tried on four counts of assault in the second degree for firing a weapon into a car carrying four occupants. A jury found Petitioner guilty on all four counts and sentenced him to four 36-month terms to be served consecutively. Petitioner unsuccessfully appealed his convictions and sentence to the state court of appeals and state supreme court. He then filed for post-conviction relief from the state courts, which was denied. Next, Petitioner filed a Motion pursuant to 28 U.S.C. § 2254 with this Court, alleging that (1) the trial court erred in giving the jury a belated instruction on the doctrine of transferred intent; (2) the sentence imposed by the trial court was excessive or otherwise improper; and (3) Petitioner's appellate counsel provided ineffective assistance. On February 14, 2002, Magistrate Judge Arthur J. Boylan issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner's Motion.

This matter is before the Court on Petitioner's objections to the R&R. The Court must

APR 19 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 19 2002
DEPUTY CLERK

conduct a de novo review of the portions of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1) (2001); Local Rule 72.1(c)(2). In this case, although he asks the Court to reject the R&R "[f]or all the reasons cited . . . in his original petition," (Pet'r's Mem. at 5) Petitioner only specifically objects to the Magistrate Judge's determination that Petitioner was not denied effective assistance of appellate counsel. Based on a review of the record, the Court adopts the Magistrate Judge's R&R.

Petitioner's claim that he was denied effective assistance of appellate counsel is predicated on alleged prosecutorial misconduct at the trial level. Petitioner claims that the appellate counsel's failure to raise the issue of prosecutorial misconduct denied Petitioner effective assistance of counsel on appeal. As the Magistrate Judge correctly notes, in order to succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance fell below applicable professional standards and that his defense was prejudiced by such ineffective performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). "A criminal defendant alleging prejudice must show 'counsel's errors were so serious as to deprive the defendant of a fair trial.'" Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting Strickland, 104 U.S. at 686). Counsel's conduct is measured by an objective standard of reasonableness. See Strickland, 104 U.S. at 688.

In this case, the Magistrate Judge correctly found that Petitioner offered no persuasive reasoning or evidence to support a finding that any errors arising out of the alleged prosecutorial misconduct at trial, either separately or in combination, were "so conspicuously prejudicial or of such magnitude that [they] fatally infected the trial and deprived [Petitioner]

of fundamental fairness." Manning-El v. Wyrich, 738 F.2d 321, 322 (8th Cir. 1984). The Magistrate Judge then reasoned that appellate counsel recognized the futility of the prosecutorial misconduct argument and strategically chose to focus more attention on tenable issues. Accordingly, the Magistrate Judge found that Petitioner had failed to show that his appellate counsel's conduct was unreasonable.

Petitioner's objections to the Magistrate Judge's reasoning essentially amounts to a mere restatement of his original § 2254 Motion. Petitioner has raised no new arguments that were not adequately considered by the Magistrate Judge. Accordingly, the Court adopts the findings and reasoning of the Magistrate Judge.

As the statute requires, the Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1) (2001); Local Rule 72.1(c). On the basis of that review, the Court **ADOPTS** the Report and Recommendation. Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2254 (Clerk Doc. No.1) is **DENIED.**

Dated: April 19, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995